IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD B. KREIDER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | NO.  06-2501 |

**REPORT AND RECOMMENDATION**

L. FELIPE RESTREPO                                                                                                October 25, 2006
UNITED STATES MAGISTRATE JUDGE

     Presently before the Court is a Petition for Writ of Habeas Corpus filed by Richard B. Kreider, Jr. pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania.  For the reasons which follow, the habeas petition should be dismissed as time-barred.

**PROCEDURAL HISTORY**

     Petitioner was charged with one count of Homicide by Vehicle While Driving Under the Influence, two counts of Driving Under the Influence ("DUI"), four counts of Aggravated Assault by Vehicle, Careless Driving, and Reckless Driving.  See Commonwealth v. Kreider, No. 1728 MDA 2004, Mem. Op. at 2 (Pa. Super. filed Apr. 5, 2005).  On April 16, 2001, petitioner entered a plea of nolo contendere in the Court of Common Pleas of Lancaster County to the charges of Homicide by Vehicle While Driving Under the Influence, DUI, Careless Driving, and Reckless Driving.  Id.

     On April 20, 2001, Kreider filed a motion for withdrawal of his plea, and the motion was

granted on that same day.[1]  Id. at 3.  The Information was then amended such that the four counts of Aggravated Assault by Vehicle were consolidated into one count, and petitioner pled guilty to one count of Homicide by Vehicle While DUI, one count of DUI, one count of Aggravated Assault by Vehicle, one count of Careless Driving, and one count of Reckless Driving.[2]  Id.

The guilty plea was accepted following a colloquy on the record, and sentencing was deferred pending the completion of a pre-sentence investigation.  Id.  On July 16, 2001, Kreider was sentenced to an aggregate sentence of five to eleven (5-11) years incarceration.  Id.  Petitioner did not file post-verdict motions or a direct appeal.  Id.

On January 8, 2002, Kreider filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46.  See Pa. Super. Ct. Op. filed 4/5/05, at 3.  Following the appointment of counsel, an amended petition was filed.  Id. at 3.  However,

---

1. At the time of the nolo contendere plea, the Commonwealth's attorney represented that the victims had not suffered serious bodily injury as required to support the four counts of Aggravated Assault by Vehicle with which petitioner had originally been charged.  See Pa. Super. Ct. Op. filed 4/5/05, at 2.  Therefore, the Commonwealth had indicated that it intended to nol pros those four counts, the Court accepted the nolo contendere plea, and sentence was deferred pending the completion of a pre-sentence investigation.  Id.  After subsequent receipt of the medical reports of the four victims, however, and given the nature of the victims' injuries, petitioner's counsel believed that the Commonwealth would be able to prove the victims suffered serious bodily injury and that the Common Pleas Court would direct that the nolo contendere plea be withdrawn.  Id.; see also Commonwealth v. Rosario, 679 A.2d 756, 759 (Pa. 1996) (trial judge is permitted "to exercise the discretion to withdraw a guilty plea").

2. "Counsel knew that [Kreider] faced twenty-year maximum sentences and $25,000 fines for each of the aggravated assaults by vehicle, if he were prosecuted and convicted on those charges."  See Pa. Super. Ct. Op. filed 4/5/05, at 7 (citing N.T. 7/21/04, at 35).  Furthermore, "[b]ased upon his experience, counsel anticipated that the common pleas court would sentence [Kreider] to consecutive sentences with regard to the aggravated assault charges."  See Pa. Super. Ct. Op. filed 4/5/05, at 6-7 (citing N.T. 7/21/04, at 13, 48-50).  Therefore, counsel believed that Kreider "would not receive the benefit of the plea agreement offer, which the Commonwealth had extended, whereby [petitioner] would be prosecuted on only one count of aggravated assault by vehicle."  See Pa. Super. Ct. Op. filed 4/5/05, at 7 (citing N.T. 7/21/04, at 14, 48-51).

counsel subsequently filed a "no merit letter" under Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc), and on September 23, 2002, the PCRA Court dismissed the amended petition. See Pa. Super. Ct. Op. filed 4/5/05, at 3.

Kreider filed a timely Notice of Appeal in the Superior Court of Pennsylvania, and the matter was remanded on January 9, 2004 for completion of the record. Id.; Commonwealth v. Kreider, No. 1519 MDA 2002, Mem. Op. at 3 (Pa. Super. filed Jan. 9, 2004). Upon remand, new counsel was appointed, and an amended PCRA petition was filed on March 5, 2004. See Pa. Super. Ct. Op. filed 4/5/05, at 3-4. Following an evidentiary hearing on July 21, 2004, the PCRA Court denied the petition on October 27, 2004. Id. at 4.

On appeal to the Superior Court, Kreider "raise[d] one issue":

> Whether counsel was ineffective when he advised [Kreider] to withdraw his pleas of nolo contendere after the court conducted an extensive colloquy, accepted the pleas, and found [Kreider] guilty[,] which withdrawal resulted in [petitioner] receiving consecutive sentences of imprisonment totaling not less than 5 nor more than 11 years?

Id. at 4 (quoting Appellant's Br. at 4). The Superior Court affirmed the denial of the PCRA petition on April 5, 2005. Id. at 11-12. The Supreme Court of Pennsylvania denied his petition for allowance of appeal on August 10, 2005. See Commonwealth v. Kreider, 876 A.2d 465 (Pa. Super. Apr. 5, 2005) (table), allocatur denied, 882 A.2d 477 (Pa. Aug. 10, 2005) (table).

Kreider thereafter filed his § 2254 petition in this Court alleging ineffective assistance of counsel, a violation of his right against double jeopardy, and that the District Attorney and Sentencing Judge lied. See Hab. Pet. ¶ 12. The District Attorney of Lancaster County ("respondent") filed an Answer and supporting brief arguing that the petition should be dismissed

in that Kreider's claims are procedurally defaulted and that even assuming <u>arguendo</u> that petitioner's ineffective assistance claim was exhausted in the state courts, it is without merit.

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody.  <u>See</u> 28 U.S.C. § 2244(d)(1).  Pursuant to the AEDPA, the limitation period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>  Thus, under § 2244, the one-year limitation period during which a federal habeas petition must be filed begins to run, with certain statutory exceptions which do not apply here, <u>see</u> 28 U.S.C. § 2244(d)(1)(B)-(D), upon completion of direct review of the judgment of the state courts.

Here, in that petitioner did not file a direct appeal from the judgment of sentence, <u>see</u> Pa.

Super. Ct. Op. filed 4/5/05, at 3, his judgment of conviction became final on August 15, 2001, when the time for filing an appeal in the Superior Court of Pennsylvania expired.[3]  See Pa. R. App. P. 903(a) (notices of appeal must be filed within 30 days).  Consequently, petitioner had one year after that date, plus any time during which the period of limitation was tolled, to file a § 2254 petition.  See Merritt v. Blaine, 326 F.3d 157 (3d Cir.), cert. denied, 124 S. Ct. 317 (2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

"The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception."  Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)).  With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Thus, under the habeas statute the time during which petitioner's PCRA petition was pending should not be counted in calculating the period of limitation.  See 28 U.S.C. § 2244(d)(2); see, e.g., Swartz, 204 F.3d at 420.  However, by the time he filed his PCRA petition on January 8, 2002, see Pa. Super. Ct. Op. filed 4/5/05, at 3, one hundred forty-six (146) days (or almost five (5) months) of the period of limitation had elapsed, leaving two hundred nineteen (219) days remaining on the limitation period.  See, e.g., Burns 134 F.3d at 111.

---

3.  Kreider was sentenced on July 16, 2001.  See Pa. Super. Ct. Op. filed 4/5/05, at 3.

Since petitioner's PCRA petition was filed on January 8, 2002, see Pa. Super. Ct. Op. filed 4/5/05, at 3, the period of limitation was tolled, under § 2244(d)(2), from that date until August 10, 2005, when the Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal, see Commonwealth v. Kreider, 882 A.2d 477 (Pa. Aug. 10, 2005) (table). See Swartz, 204 F.3d at 420. Consequently, when the period of limitation began running again on August 10, 2005, petitioner had two hundred nineteen (219) days (or a little more than seven months) to file his § 2254 petition.

Kreider did not file the present petition until, at the earliest, June 3, 2006,[4] two hundred ninety-seven (297) days (about ten months) after the Supreme Court of Pennsylvania denied the petition for allowance of appeal, and seventy-eight (78) days (more than two and a half months) **after** the AEDPA's period of limitation **expired**. Since petitioner failed to file his § 2254 petition within the one-year period of limitation, the petition is time-barred. See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

The Court of Appeals for the Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. Id. at 618. In Merritt v. Blaine, the Court of Appeals reiterated "the two general requirements for equitable tolling: (1) that 'the petitioner has in some **extraordinary** way been **prevented** from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised **reasonable diligence** in investigating and bringing [the] claims.'" Merritt, 326 F.3d at 168 (citing Fahy v.

---

4. In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court. Here, petitioner signed his habeas petition on June 3, 2006. See Hab. Pet. at 11. Therefore, he could not have delivered the petition any earlier than that date.

6

Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)) (emphasis added); see Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005) (observing that a litigant seeking equitable tolling bears the burden of establishing diligence **and** that "some extraordinary circumstance stood in his way") (emphasis added).  Thus, "[m]ere excusable neglect is not sufficient."  See Miller v. New Jersey Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998).  The Third Circuit Court of Appeals has cautioned that courts should use equitable tolling **only sparingly**.  See LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005); Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) ("The law is clear that courts must be sparing in their use of equitable tolling.").

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy, 240 F.3d at 244.  In addition, lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling.  See Jones, 195 F.3d at 160 (finding that equitable tolling is not applicable to a time-barred petition due to petitioner's misunderstanding of AEDPA's requirements); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").

Here, Kreider does not specifically allege in his habeas petition that the AEDPA's period of limitation should be equitably tolled.  Furthermore, he has not alleged circumstances which would warrant invoking the sparing doctrine of equitable tolling.

In all events, petitioner does not allege circumstances which **prevented** him in some **extraordinary** way from filing a timely habeas petition.  See United States v. Ramsey, 1999 WL 718079, at *2 (E.D. Pa. Aug. 26, 1999); Ego-Aguirre v. White, 1999 WL 155694, at *2 (N.D.

Cal. Mar. 12, 1999); see also Davis v. Artuz, 2001 WL 199454, at *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition"). Moreover, **even if** he had alleged extraordinary circumstances preventing him from asserting his rights, Kreider fails to allege circumstances indicating that he exercised **reasonable diligence**. See, e.g., Pace, 125 S. Ct. at 1815; Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005). As explained above, Kreider did not file his PCRA petition until almost five (5) months after his judgment of conviction became final, and he waited about ten (10) months after his PCRA petition was no longer pending before he filed his § 2254 petition. Thus, he fails to meet the "reasonable diligence" requirement for equitable tolling. See Pace, 125 S. Ct. at 1815 ("Because petitioner filed his federal habeas petition beyond the deadline, and because he was not entitled to . . . equitable tolling for any of that period, his federal petition is barred by the statute of limitations"); Schlueter, 384 F.3d at 78; Brown, 322 F.3d at 776; Jones, 195 F.3d at 159; see also Pfeil v. Everett, 2001 WL 618209, at *3 (10th Cir. June 6, 2001) (AEDPA's statute of limitations may be equitably tolled only "when an inmate diligently pursues his claims"), cert. denied, 534 U.S. 1032 (2001).

Since petitioner failed to file his § 2254 petition within the one-year period of limitation, the present petition is time-barred.[5] See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18;

---

5. Although respondent did not address the statute of limitations issue, just as with exhaustion and procedural default, "a federal magistrate judge may raise the AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation after a Response has been filed." Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004); see, e.g., Hernandez v. Folino, 2006 WL 2136084, at *3 n.2 (E.D. Pa. July 27, 2006) (citing Day v. McDonough, 126 S. Ct. 1675, 1684 (2006)) (dismissing § 2254 petition as time-barred and approving and adopting a Report and Recommendation ("R&R") raising the statute of limitations issue sua sponte); Camilo v. Klem, 2006 WL 1687186, at *2 (E.D. Pa. June 15, 2006) (same); Cluck v. Shannon, 2006 WL 1648947, at *2 (E.D. Pa. June 8, 2006) (same). It is noted that the habeas form which petitioner

Burns, 134 F.3d at 111.  Accordingly, the petition should be dismissed.[6]

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring) (observing that Slack held "that a habeas petitioner seeking to appeal a district court's denial of habeas relief on procedural grounds must not only make a substantial showing of the denial of a constitutional right but **also** must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); Woods v. Kearney, 215 F. Supp.2d 458, 464 (D. Del. 2002).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in

---

completed provided clear notice of the one-year period of limitation, see Hab. Pet. at 2 ¶ 2, and of course, as with the cases cited above, this R&R provides petitioner with further notice of the applicability of the limitations issue to his petition, and he has a reasonable opportunity to oppose the dismissal of his habeas petition through the filing of timely objections, should he so desire. See, e.g., Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. May 25, 2005) (affirming dismissal of habeas petition as untimely where Magistrate Judge raised timeliness issue sua sponte in R&R adopted by the District Judge).

6. Having found that the federal habeas petition is time-barred, it is unnecessary to address respondent's contentions that Kreider's claims are procedurally defaulted and without merit.

dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484; see Woods, 215 F. Supp.2d at 464. Here, for the reasons set forth above and in light of the aforementioned decisions invoking the AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred. See Slack, 529 U.S. at 484; see, e.g., Woods, 215 F. Supp.2d at 464 (finding that a COA should not issue where the habeas petition was barred by the one-year period of limitation under § 2244(d)(1)). Accordingly, a COA should not issue.

  My Recommendation follows.

**R E C O M M E N D A T I O N**

AND NOW, this 25th day of October, 2006, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the opposition thereto of the District Attorney of Lancaster County, for the reasons given in the accompanying Report, it is RECOMMENDED that the habeas petition be DISMISSED as time-barred and that a certificate of appealability should not issue.

    /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE